IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CENTURY 21 REAL ESTATE LLC, | ) | CASE NO.: 1:07 CV 3183 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| REAL ESTATE LEADERS, LLC D/B/A, | ) | MEMORANDUM OPINION |
| CENTURY 21 LEADERS, *et al*., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff Century 21 Real Estate LLC's Combined Motion for Default Judgment against Defendant Real Estate Leaders, LLC ("Leaders") and Summary Judgment against Defendant Mark C. Zervos, pursuant to Federal Rules of Civil Procedure ("Rules") 55(b)(1) and 56(a).  (ECF # 38.)

**I.**

On October 16, 2007, Plaintiff filed a Complaint against Defendants seeking, among other things, injunctive relief for Defendants' continued use of Plaintiff's federally registered trademarks, trade name and service marks as well as money damages arising from Defendants' alleged breach of the Franchise Agreement and Branch Agreement.

The record reflects that Mr. Zervos was served with a copy of the Complaint via certified mail on October 22, 2007, and Defendant Leaders was likewise served via certified mail on October 23, 2007.  (ECF # 3, # 4.)  After seeking multiple extensions of time in which to file an Answer, on February 29, 2008, Mr. Zervos, on behalf of himself and purportedly on behalf of Leaders, filed an Answer to the Complaint.  (ECF # 27.)  At the same time, Defendants filed a Counterclaim against Plaintiff.  (*Id.*)

On April 3, 2008, Plaintiff filed a Combined Motion to Strike or, in the Alternative, Dismiss Defendants' Answer and Counterclaim.  (ECF # 29.)  On May 5, 2008, this Court entered an Order granting in part and denying in part the Motion to Dismiss.  (ECF # 34.)  More specifically, the Answer and Counterclaim of Defendant Leaders was stricken from the record, the Counterclaim filed on behalf of Mr. Zervos was dismissed, and the Answer of Mr. Zervos remained filed.  (*Id.*)  With leave of Court, Mr. Zervos later filed an Amended Answer.  (ECF # 36.)

## II.

In order to obtain judgment by default, a party must first request the clerk's entry of default pursuant to Rule 55(a).  To that end, Rule 55(a) states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

If the clerk's entry of default is obtained, then, under Rule 55(b), the party seeking default judgment may file for such judgment by the clerk, or by the court.  A Rule 55(b) judgment by default is a final disposition of the case that is tantamount to a judgment rendered after a trial on the merits.

In this case, Plaintiff filed an Application to the Clerk of Courts to enter default against Defendant Leaders pursuant to Rule 55(a), which was subsequently granted.  (ECF # 35.)  In the instant Motion, Plaintiff now moves the Court to enter a default judgment against Defendant Leaders.  (ECF # 38.)  Because Plaintiff has followed the correct procedure by first requesting the clerk's entry of default in accordance with Rule 55(a), the Motion for Default Judgment is properly before this Court.

In this case, Defendant Leaders has failed to properly plead, answer or otherwise defend against the Complaint, and the Clerk has entered default pursuant to Rule 55(a).  As such, Plaintiff is entitled to default judgment against Defendant Leaders.  Judgment is hereby entered in favor of Plaintiff and against Defendant Leaders in the amount of $636,706.68 on Plaintiff's claims for relief as set forth in its Complaint, plus interest forward until the judgment is satisfied in whole, comprised of the following:

$146,527.45 in unpaid Franchise Fees;

$287,963.23 in Liquidated Damages for the premature termination of the Franchise Agreement and Branch Agreement;

$69,992.00 in prejudgment interest;

$94,770.15 in treble damages as a result of the willful infringement of the Century 21 Marks following the termination of the Agreements; and

Attorneys' fees in the amount of $36,264.60, and $1,189.25 in costs and expenses.

Further, Defendant Leaders and its employees, agents, members, affiliates, subsidiaries, officers, directors, independent contractors, and all those who act in concert or participation with it, are hereby permanently enjoined and restrained from utilizing, marketing, and/or promoting real estate brokerage services and other related real estate businesses through the use of the "CENTURY 21®" trade name, service marks, and logos (the "CENTURY 21 Marks"), as well as representing and holding out to the public that it is a member of the Century 21 franchise system. This permanent injunction is not limited to, the use of any and all real estate signs, road signs, billboards, banners, print or telecommunications advertisements, websites, drafts, labels, road signs, banners, signs, flyers, stationary, envelopes, applications, booklets, brochures, catalogues, circulars, pamphlets, periodicals, bulletins, instructions, minutes, other

communications, purchase orders, contracts, agreements, options to purchase, deeds, memoranda of agreements, assignments, licenses, books of account, orders, accounts, working papers, and/or plans that contain, employ, or relate in any manner to the CENTURY 21 Marks, or to any names and marks confusingly similar to the CENTURY 21 Marks.  Moreover, the permanent injunction is not limited to the use of any data, metadata, and/or any use of electronic information or data that can be used to direct or guide Internet users to any of Defendant Leaders' websites under the assumption that the user is being referred to a Century 21-authorized website.

### III.

Having determined that default judgment against Defendant Leaders is appropriate, the Court now turns to the portion of Plaintiff's Motion for Summary Judgment against Mr. Zervos. Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Here, subsequent to the filing of the Motion for Summary Judgment, Mr. Zervos filed an action in the United States Bankruptcy Court for the Northern District of Ohio, seeking relief

under Chapter 7 of the United States Bankruptcy Code. (ECF # 46.) Accordingly, the automatic stay provisions of 11 U.S.C. § 362 are now applicable, and the Court shall defer ruling on Plaintiff's Motion for Summary Judgment until resolution of the bankruptcy matter.

### IV.

Based upon the foregoing, Plaintiff's Motion for Default Judgment against Defendant Leaders and Summary Judgment against Mr. Zervos is GRANTED IN PART. (ECF # 38.) More specifically, the Motion for Default Judgment is GRANTED, and the Court finds that Plaintiff is entitled to default judgment against Defendant Leaders. Judgment is hereby entered in favor of Plaintiff and against Defendant Leaders in the amount of $636,706.68 on Plaintiff's claims for relief as set forth in its Complaint, plus interest forward until the judgment is satisfied in whole. Further, Defendant Leaders and its employees, agents, members, affiliates, subsidiaries, officers, directors, independent contractors, and all those who act in concert or participation with it, are hereby permanently enjoined and restrained from engaging in the conduct set forth in Section II of this Memorandum Opinion and Order.

With respect to the portion of the Motion seeking Summary Judgment against Mr. Zervos, this Court shall defer ruling on the Motion for Summary Judgment in light of the automatic stay provisions of 11 U.S.C. § 362. Counsel are to notify this Court once the stay is lifted, so that the Court may rule on the Motion for Summary Judgment. As such, this case DISMISSED without prejudice as to Mr. Zervos. This case is TERMINATED.

IT IS SO ORDERED.

                *s/ Donald C. Nugent*
                DONALD C. NUGENT
                United States District Judge

DATED: July 31, 2008